UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>         Plaintiff,<br><br> v.<br><br>JUDGE DANIEL SEGURA,<br><br>         Defendant. | Case No. 24-cv-00458-BAS-SBC<br><br>**ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 13)** |

Plaintiff Marian Anthony filed this action seeking damages and other relief against Defendant Judge Daniel Segura. Defendant is the Superior Court Judge presiding over Plaintiff's family court matter in state court. Defendant moves to dismiss the action with prejudice. (ECF No. 13.) The Motion is fully briefed. (ECF Nos. 14, 19.) The Court finds this matter suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

I.  **Background**

Plaintiff is the petitioner in a family court dissolution matter pending in the San Diego County Superior Court—*Marian Anthony v. Corina Galvez*, Case No.

19FL005322N (filed May 2, 2019) ("Family Court Matter"). (ECF No. 13-2.)[1] Defendant is presiding over the action. (*Id.*)

In broad brushes, Plaintiff alleges Defendant's child custody orders in the Family Court Matter violate Plaintiff's rights under the First and Fourteenth Amendments. (First Am. Compl. ("FAC") 2–3, ECF No. 8.) Plaintiff claims those orders are "analytically flawed" and "empirically unjust." (*Id.* at 2, 9.) Plaintiff alleges he has never been deemed "unfit" by the state court, and thus Defendant's custody orders are unconstitutional because they impermissibly allow Plaintiff "no actual parenting time." (*Id.* at 2, 4–5, 7, 8.) Similarly, Plaintiff alleges Defendant's order of supervised visitation is tantamount to "no actual parenting time" and unconstitutionally severs the parent-child relationship. (*Id.* at 5–6.)

Based on these allegations, Plaintiff seeks redress under 42 U.S.C. § 1983 against Defendant. (FAC 11–12.) He requests this Court grant broad relief, including: (1) ordering Defendant to "undergo training"; (2) awarding money damages of $15,000,000, plus $20,000 "for each day [Plaintiff] and [his] children were subjected to court orders that grant 'no actual parenting time'"; (3) holding an emergency hearing to restore custody; and (4) disqualifying Defendant from presiding over the Family Court Matter. (*Id.* at 13–14.)

Defendant moves to dismiss the matter under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot., ECF No. 13.) Plaintiff filed several Oppositions to the Motion (ECF Nos. 14, 16, 17), as well as a Response to Defendant's Request for Judicial Notice (ECF No. 15). Defendant replied. (ECF No. 19.)

//
//

---

[1] The Court grants Defendant's request for judicial notice of the Register of Actions for the Family Court Matter under Federal Rule of Evidence 201. *See, e.g.*, *Taylor v. Kelety*, No. 20-CV-1987-DMS-AGS, 2021 WL 1733386, at *3 n.4 (S.D. Cal. May 3, 2021) ("Court records, as public records, are generally subject to judicial notice, although a court cannot judicially notice disputed facts contained within such records.").

## II. Legal Standards

### A. Rule 12(b)(1)

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

### A. *Younger* Abstention

Defendant argues dismissal is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971) because Plaintiff is asking the Court to interfere with the Family Court Matter. (Mot. 9:9–10:26.) In *Younger*, the Supreme Court espoused a strong federal policy against federal court interference with pending state judicial proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate

important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). State proceedings are ongoing until state-appellate review is completed, and the Ninth Circuit has recognized that "protecting the authority of the [state] judicial system" and the "field of domestic relations" are traditionally "vital" state interests and "area[s] of state concern." *Koppel*, 203 F.3d at 613.

In *Koppel*, similar to this case, the plaintiffs sought to invoke the power of the federal courts to alter the course of pending state custody proceedings. 203 F.3d at 610. The Ninth Circuit rejected the request, holding that:

> Important state interests [] are implicated. Family relations are a traditional area of state concern. In addition, a state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience.
>
> The plaintiffs have an adequate state forum in which to pursue their federal claims. In fact, they have already raised some of the same due process issues in the California appellate courts. Plaintiffs may appeal through those courts after final judgment.
>
> This is precisely the type of case suited to *Younger* abstention. Plaintiffs desire wholesale federal intervention into an ongoing state domestic dispute. They seek vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation. This is not the proper business of the federal judiciary.

*Id.* (citations and quotation marks omitted).

The same reasoning applies here. Plaintiff is seeking an intervention into the Family Court Matter, including by this Court holding a hearing to restore custody and requiring Defendant to undergo judicial training. This Court is forbidden from doing so. *See Koppel*, 203 F.3d at 613. Plaintiff can raise his challenges to Defendant's orders on appeal in the

state court system. Hence, *Younger* abstention is required in this case, and the Court must dismiss Plaintiff's action seeking injunctive relief.

### B. *Rooker-Feldman* Doctrine

Defendant also relies on the *Rooker-Feldman* doctrine to seek dismissal of Plaintiff's action. (Mot. 7:22–9:7.) The *Rooker-Feldman* doctrine provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). *Rooker-Feldman* thus bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). Further, "*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted).

Defendant argues the *Rooker-Feldman* doctrine applies here because Plaintiff's action constitutes a "de facto appeal" of Defendant's rulings in the Family Court Matter. (Mot. 8:26–28.) The Court agrees. Plaintiff is asking the Court to restore custody, and his action can only succeed if Defendant's rulings were incorrect. Consequently, the Complaint is subject to dismissal on this ground for lack of subject matter jurisdiction. *See Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (providing claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation and internal quotation marks omitted)).

### C. Eleventh Amendment

Defendant further argues that the Eleventh Amendment bars Plaintiff's case. (Mot. 6:20–7:21.) In *Whole Woman's Health v. Jackson*, the Supreme Court emphasized that "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" 595 U.S. 30, 39 (2021) (quoting *Ex parte Young*, 209 U.S. 123, 163 (1908)). "As such, state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024).

Here, Plaintiff is suing Defendant in his judicial capacity in federal court. Consequently, the Eleventh Amendment bars Plaintiff's action. *See Munoz*, 91 F.4th at 981 ("Consistent with *Jackson*, Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.").

### D. Judicial Immunity

Aside from the grounds addressed above, Defendant argues Plaintiff cannot state a claim because Defendant is immune from liability. (Mot. 4:2–6:19.) A long line of Supreme Court precedent "acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (collecting cases). This immunity is overcome in only two sets of circumstances. *Id.* at 11. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008).

As summarized above, Plaintiffs' allegations against Defendant are based on Defendant's rulings and decisions made in his official capacity as a judge in the Family Court Matter. Issuing rulings and expressing views on legal or factual issues presented in proceedings before the court are normal judicial functions. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Thus, even accepting Plaintiff's allegations as true, Defendant was acting in his judicial capacity and cannot be held liable for his rulings and decisions made in this capacity. *See Stump*, 435 U.S. at 362. Additionally, there are no facts alleged supporting a finding that Defendant acted "in the clear absence of all jurisdiction." *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Hence, judicial immunity applies and bars Plaintiff's action against Defendant.

* * *

For the reasons detailed above, Plaintiff's First Amended Complaint must be dismissed. Generally, when a court dismisses a complaint, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Here, any amendment would be futile. Plaintiff's action cannot proceed in light of the Eleventh Amendment, the *Rooker-Feldman* doctrine, *Younger* abstention, and judicial immunity. The Court therefore denies leave to amend.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 13). The Court **DISMISSES WITH PREJUDICE** this action. The Clerk of Court shall enter a judgment of dismissal and close the file.

**IT IS SO ORDERED.**

**DATED: July 3, 2024**

Hon. Cynthia Bashant
United States District Judge